UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ROY EUGENE SUTTON, III,

        Plaintiff,

v.

SCOTT WRIGGELSWORTH, et al.,

        Defendants.
_____/

Case No. 1:24-cv-407

Hon. Hala Y. Jarbou

**OPINION**

This is a civil rights action brought by a pretrial detainee[1] under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] Plaintiff does not explicitly state that he is a pretrial detainee, but the Ingham County Jail inmate lookup indicates that Plaintiff was booked on April 27, 2023, on three separate aggravated/felonious assault charges. *See* https://jail.ingham.org/ViewInmate/167970 (last visited Apr. 24, 2024).

**Discussion**

I.     **Factual Allegations**

Plaintiff is presently incarcerated at the Ingham County Jail (ICJ) in Mason, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Ingham County Sheriff Scott Wriggelsworth and medical providers Glen Cipullo and Unknown Party.

Plaintiff's complaint is scant. He alleges that Defendant Wriggelsworth has implemented a policy "to stop inmates from having their medical records, to hinder them from filing grievances and lawsuits." (Compl., ECF No. 1, PageID.3.) Plaintiff also faults Defendant Wriggelsworth for denying him "the right to file grievances and go [through] the entire [g]rievance process." (*Id.*)

Plaintiff next avers that Defendants Cipullo and Unknown Party denied Plaintiff treatment for his chronic back pain. (*Id.*) According to Plaintiff, Defendant Unknown Party refused to provide pain medication or allow Plaintiff to see an outside specialist after seeing Plaintiff's medical records from Sparrow Hospital and Henry Ford Hospital. (*Id.*) Plaintiff alleges further that Defendant Cipullo denied Plaintiff "medical treatment outside of the jail after he exhausted all jail and medical options and resources." (*Id.*) Plaintiff also suggests that Defendant Cipullo "failed to establish a diagnosis" and refused Plaintiff care until Plaintiff started filing grievances. (*Id.*)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to assert claims premised upon interference with the grievance system, as well as Fourteenth Amendment due process claims premised upon the denial of medical care and medical records.[2] Plaintiff seeks declaratory relief, as well as $500,000.00 in damages from each Defendant.

---

[2] Because Plaintiff is a pretrial detainee, his denial of medical care and medical records claims arise under the Fourteenth Amendment's Due Process Clause. *See Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 316–17 (6th Cir. 2023); *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 727 (6th Cir. 2022).

2

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

3

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Claims Regarding Grievance Process

Plaintiff contends that Defendant Wriggelsworth violated his rights by denying him "the right to file grievances and go [through] the entire [g]rievance process." (Compl., ECF No. 1, PageID.3.) Plaintiff, however, has no due process right to file a grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendant Wriggelsworth's conduct did not deprive him of due process.

Moreover, Plaintiff's First Amendment right to petition the government was not violated by Defendant Wriggelsworth's handling of Plaintiff's grievances and complaints. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Finally, Defendant Wriggelsworth's actions (or inactions) have not barred Plaintiff from seeking a remedy for his complaints. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415–16 (6th Cir. 2014) (citing *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821–24 (1977). The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470–71 (6th Cir. 2001).

In light of the foregoing, Plaintiff's claims against Defendant Wriggelsworth regarding interference with the grievance procedure will be dismissed.

### B. Fourteenth Amendment Claims

#### 1. Access to Medical Records

Plaintiff suggests that Defendant Wriggelsworth has violated his Fourteenth Amendment rights by "implementing policy to stop inmates from having their medical records, to hinder them from filing grievances and lawsuits." (Compl., ECF No. 1, PageID.3.) Plaintiff, however, has no Fourteenth Amendment right to review or obtain copies of his medical records. *See Blanton v. Blue*, No. 4:16-cv-P10-JHM, 2016 WL 2858922, at *3 (W.D. Ky. May 16, 2016); *see also McGillvary v. Riez*, No. 22-6430 (MAS) (JBD), 2023 WL 8066155, at *6 (D.N.J. Nov. 20, 2023) (noting that courts have not "recognized a cognizable liberty or property interest in one's medical records sufficient to support a constitutional claim for relief"); *Head v. Bailly*, No. CV 17-00385 WJ/CG, 2019 WL 1779340, at *3 (D.N.M. Apr. 23, 2019) (noting that "there is no authority for a constitutional right to own or review the inmate's own medical records"); *Moore v. Chapedelaine*, No. 3:15-cv-775 (VAB), 2015 WL 4425799, at *6 (D. Conn. July 15, 2015) (concluding that "prisoners have no constitutional right to review or obtain copies of their prison medical records"); *Martikean v. United States*, No. 3:11-cv-1774-M-BH, 2012 WL 1986919, at *10 (N.D. Tex. Apr. 6, 2012) (finding that "there is no constitutional requirement that an inmate be given the right to review or obtain his medical records"); *Ball v. Famiglio*, 1:08-cv-700, 2011 WL 1304614, at *27–28 (M.D. Pa. Mar. 31, 2011) ("While inmates have a constitutional right to access to medical care, . . . there is no authority for an Eighth Amendment right to review medical records."). Accordingly, Plaintiff's Fourteenth Amendment claim against Defendant Wriggelsworth premised upon an inability to access Plaintiff's medical records will be dismissed.

#### 2. Denial of Medical Attention

Next, Plaintiff contends that Defendants Cipullo and Unknown Party violated his Fourteenth Amendment rights by not providing adequate care for Plaintiff's chronic back pain.

6

Plaintiff suggests that Defendant Unknown Party failed to provide pain medication and did not allow Plaintiff to see an outside specialist, and that Defendant Cipullo failed to "establish a diagnosis" and allow outside care. (*Id.*)

To state a claim for inadequate medical care under the Fourteenth Amendment, a pretrial detainee must first allege an objectively serious medical need. *See Trozzi v. Lake Cnty., Ohio*, 29 F.4th 745, 757–58 (6th Cir. 2002). Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). However, in *Kingsley v. Hendrickson*, the Supreme Court differentiated the standard for excessive force claims brought by pretrial detainees under the Fourteenth Amendment's Due Process Clause from those brought by convicted prisoners under the Eighth Amendment. 576 U.S. 389, 392–93 (2015). *Kingsley* left unanswered the question of "whether an objective standard applies in other Fourteenth Amendment pretrial-detainment context[s]." *Brawner*, 14 F.4th at 592.

Subsequently, in *Brawner*, the Sixth Circuit modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness. *Id.* at 592, 596. At issue in *Brawner* was a pretrial detainee's claim for deliberate indifference to medical needs. The Sixth Circuit held that to demonstrate deliberate indifference, "[a] pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* at 596-97 (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)); *see also Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 316–17 (6th Cir. 2023) (affirming that *Kingsley*, as interpreted by *Brawner*, required courts to "lower the subjective component from actual knowledge to recklessness"). A pretrial detainee must prove that the defendant acted

7

"deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted).

As noted above, Plaintiff alleges that he suffers from chronic back pain. The Sixth Circuit has held that "extreme pain due to [a] back condition" can constitute a serious medical need. *See Murphy v. Grenier*, 406 F. App'x 972, 975 (6th Cir. 2011); *see also Logan v. Clarke*, 119 F.3d 647, 649 (8th Cir. 1997) (concluding that "substantial back pain" is a serious medical need); *Scott v. Antonini*, No. 07-10459, 2011 WL 533869, at *2 (E.D. Mich. Feb. 15, 2011) (noting that "pain can be a 'sufficiently serious' medical need for purposes of an indifference claim"). The Court, therefore, assumes that Plaintiff has sufficiently alleged a serious medical need with respect to his chronic back pain.

Even though Plaintiff has sufficiently alleged a serious medical need, he fails to allege facts from which the Court could infer that Defendants Cipullo and Unknown Party acted deliberately and recklessly "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted). As an initial matter, simply alleging that Defendants Cipullo and Unknown Party failed to provide medical attention, without additional supporting and explanatory facts, fails to satisfy even the Fourteenth Amendment standard. *See Iqbal*, 556 U.S. at 678–79 (discussing that conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983); *Twombly*, 550 U.S. at 555. Moreover, although Plaintiff suggests that Defendant Cipullo failed to "establish a diagnosis," differences in diagnosis, as noted above, are not enough to set forth a deliberate indifference claim. *See Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F.

App'x 602, 605 (6th Cir. 2014); *see also Fritts v. Richland Corr. Inst.*, No. 1:19-cv-1690, 2019 WL 6311437, at *2 (N.D. Ohio Nov. 25, 2019) (noting that "[a] health care provider's inability to effect a final cure is not proof of deliberate indifference" (citing *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996))).

Moreover, Plaintiff's complaint suggests that he received medical treatment, as he alleges that Defendant Cipullo denied Plaintiff "medical treatment outside of the jail after he exhausted all jail and medical options and resources." (Compl., ECF No. 1, PageID.3.) Given Plaintiff's allegations that he was denied pain medication and outside treatment, even after showing Defendants his records from outside hospitals, the Court construes Plaintiff's complaint as suggesting that he should have been provided different treatment from what he received at ICJ. An inmate's disagreement with the type of treatment he received, however, fails to rise to the level of an Eighth Amendment claim. *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). Although Plaintiff vaguely alleges that Defendant Unknown Party did not provide pain medication, a claim that Defendant Unknown Party failed to provide specific medication fails to "state a constitutional claim of deliberate indifference as to serious medical needs." *Mabry v. Antonini*, 289 F. App'x 895, 902 (6th Cir. 2008). Additionally, Plaintiff's complaint is devoid of facts from which the Court could infer that Defendant Unknown Party had any knowledge that Plaintiff wanted medication or that Defendant Unknown Party thought Plaintiff needed pain medication but chose not to provide it to him.

Furthermore, to the extent Plaintiff believes Defendants Cipullo and Unknown Party should have followed any treatment recommendations made by Plaintiff's providers at Sparrow Hospital and Henry Ford Hospital, "[c]hoosing one doctor-supported treatment regimen over another doctor-supported treatment regimen does not amount to deliberate indifference." *Mitchell*,

9

553 F. App'x at 606; *see also Williams v. Smith*, No. 02 Civ. 4558 (DLC), 2009 WL 2431948, at *9 (S.D.N.Y. Aug. 10, 2009) (noting that "a prison doctor who relies on his medical judgment to modify or disagree with an outside specialist's recommendation of how to treat an inmate is not said to act with deliberate indifference"). Even though it appears that Plaintiff desires treatment by an outside provider, "a desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim." *Mitchell*, 553 F. App'x at 605; *see also Winslow v. Prison Health Servs.*, 406 F. App'x 671, 674 (3d Cir. 2011) (noting that "prisoners do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment").

The Court is sympathetic to the fact that Plaintiff suffers from chronic back pain. Nevertheless, Plaintiff's complaint, as pleaded, simply is insufficient for the Court to infer that Defendants Cipullo and Unknown Party acted deliberately and recklessly "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted). Plaintiff's conclusory allegations fail to rise to the level of a Fourteenth Amendment due process violation. Accordingly, his Fourteenth Amendment claims against Defendants Cipullo and Unknown Party, premised upon the denial of adequate medical care, will be dismissed.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does

not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court does not certify that an appeal would not be taken in good faith.  Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: April 30, 2024                         /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              CHIEF UNITED STATES DISTRICT JUDGE